PEOPLE v. BURNETT

ASSAULT AND BATTERY—QUESTION OF .FACT—REASONABLE DOUBT.
Testimony ·of two ·eyewitnesses to fight, identifying defendant as the person who attacked complaining witness with a knife, contradicting complaining witness's identification of an accomplice of defendant as the person who assaulted him, raised an issue of fact from which the court, sitting without a jury, could properly find defendant guilty beyond a reasonable doubt of assault with intent to do great bodily harm less than murder (CL 1948, § 750.84).

Appeal from Oakland, Frederick C. Ziem, J. Submitted Division 2 March 3, 1969, at Detroit. (Docket No. 4,417.) Decided March 26, 1969.

Claude Thomas Burnett, Jr., was convicted of assault with intent to do great bodily harm less than murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Herbert O. Magnusson,* for defendant.

BEFORE: LESINSKI, C. J., and FITZGERALD and V. J. BRENNAN, JJ.

REFERENCE FOR POINTS IN HEADNOTE
6 Am Jur 2d, Assault and Battery § 107.

PER CURIAM. Defendant appeals from a conviction by the court, sitting without a jury, of assault with intent to do great bodily harm less than murder, CL 1948, § 750.84 (Stat Ann 1962 Rev § 28.279). His only claim of error is that there was a reasonable doubt as to his guilt, raised when the complaining witness at the trial unequivocally identified defendant's companion rather than defendant as the individual who attacked him with a knife.

The case arose from a group fight outside a bar at night which lasted, according to the testimony, only three or four minutes. Four witnesses involved in the melee testified that the defendant Burnett and his co-defendant attacked them with knives, inflicting serious wounds. The only discrepancy in the testimony was that of Godashian, who identified defendant Burnett as his particular attacker at the preliminary examination, but who at trial, in the face of vigorous cross-examination, testified that it was the other defendant who attacked him. There was no testimony that defendant Burnett cut anyone other than Godashian.

If this were all the evidence, defendant might have a valid objection. However, two other eye-witnesses testified unequivocally that defendant was the one who attacked Godashian with a knife. This raised a legitimate issue of fact for the trier of fact, turning largely on his evaluation of the witnesses which he saw and heard.

The trial judge rendered a detailed opinion in which he specifically found that Godashian was mistaken as to identity and that defendant was the assailant. There was sufficient evidence on the record to allow such a finding beyond a reasonable doubt.

Affirmed.